IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. HIBBLE, Personally, on behalf of CRH a minor, and as the Administratrix of the ESTATE OF MICHAEL W. BROOK; and ELIJAH L. ROTHELL,<br>      Plaintiff,<br><br>v.<br><br>CITY OF HARRISBURG PENNSYLVANIA,<br>      Defendant | CIVIL ACTION NO.:<br>1:25-cv-00636<br><br>JURY TRIAL DEMANDED |

**<u>DEFENDANT, THE CITY OF HARRISBURG PENNSYLVANIA'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL DEVON M. JACOB, ESQUIRE</u>**

Defendant, the City of Harrisburg Pennsylvania, ("the City") by its counsel, Lavery Law, hereby move this court to remove Devon M. Jacob, Esquire, as counsel for Plaintiffs, Elizabeth A. Hibble on behalf of minor CRH; as Administratrix of the Estate of Michael W. Brook; and Elijah L. Rothell,  and in support thereof respectfully represent:

1. Plaintiffs, Decedent, Michael W. Brook ("Brook"), Elizabeth Hibble ("Hibble"), an adult female, who alleges she was Brook's wife, is CRH's grandmother and with Brook, stood in *loco parentis* to CRH, and is the Administratrix for the Estate of Michael W. Brook, and Elijah L. Rothell ("Rothell"), an adult male, collectively allege they were injured and/or

suffered damages following a boating accident on the Susquehanna River on or about April 13, 2023.

2. Plaintiffs jointly filed a Complaint in the United States District Court for the Middle District of Pennsylvania on or about April 9, 2025. [Doc.1]

3. Plaintiffs allege the City violated their Fourteenth Amendment rights for a State Created Danger, and Monell Liability pursuant to 42 U.S.C. § 1983, as well as Negligence, Survival and Wrongful Death Claims under State Law. [Doc.1]

4. Defendant, the City of Harrisburg, Pennsylvania ("the City") contemporaneously files its Motion to Dismiss at the same time as this instant Motion to Disqualify Plaintiffs' Counsel, Devon M. Jacob, Esquire to Plaintiffs' Complaint.

5. All of Plaintiffs' claims arise from a singular alleged incident which occurred on or about April 13, 2023 on the Susquehanna River.

6. In the Middle District of Pennsylvania, the Third Circuit has indicated that "[t]he district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." _United States v. Miller_, 624 F.2d 1198, 1201 (3d Cir. 1980).

7. Federal courts have the inherent authority to supervise attorneys practicing before them, including the power to disqualify an attorney when his or her representation violates a mandatory rule of ethics or professionalism. *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984).

8. In considering whether disqualification is warranted, the Third Circuit has noted that "plaintiffs do not have an absolute right to retain particular counsel," and also "held that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." *Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978).

9. As to disqualification when there is an appearance of impropriety, the Third Circuit reasoned that: "An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public. The maintenance of the integrity of the legal profession and its high standing in the community are important additional factors to be considered . . . ." *Id.*

10. The Third Circuit recognized that other Circuits have "gone so far as to suggest that doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification." *Id.*

11. Even if a party waives his or her right to conflict-free representation, it "does not necessarily resolve the matter, for the trial court has an institutional

interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver." *United States v. Moscony,* 927 F.2d at 749, (3rd Cir. 1991).

12. In determining whether disqualification is appropriate in the Middle District of Pennsylvania, the court conducts a three-part inquiry: (1) whether an actual or potential conflict exists; (2) whether the conflict, if any, has been properly waived; and (3) if a conflict exists and has not been waived, whether disqualification is the appropriate remedy. *In re Grand Jury Investigation,* 447 F.Supp.2d 453 (E.D. Pa. 2006).

13. The standard for disqualification is whether there is an actual conflict or a serious potential for conflict, with the burden on the movant to prove this standard is met. Id.

14. Representing multiple clients in a single proceeding such as this instant matter increases the likelihood of both actual and potential conflicts. While disqualification is a last resort, it may be necessary if the lawyer's conduct could taint the proceedings **or if potential conflicts are difficult to predict**. (Id.) (***emphasis added***)

15. As in this case, where both the deceased plaintiff's estate, Brook, and an injured plaintiff, Rothell, are pursuing claims arising from the same incident, conflicts can arise due to differing legal theories, objectives, and interests.

16. The claims brought by Brook/Hibble, such as negligence, survival and wrongful death claims, focus on the damages suffered by Brook and his beneficiaries. In contrast, Rothell's claims focus on his own personal injuries and damages. These differing legal theories can lead to conflicts in establishing liability and causation.

17. The City of Harrisburg is a Third Class City, which by definition makes the City a political subdivision of the Commonwealth of Pennsylvania.

18. In Pennsylvania, the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., ("PSTCA") provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property causes by any act of the local agency or an employee thereof or any other person."

19. Under the PSTCA, limits the amounts recoverable against a local government (who otherwise is determined to be legally responsibility for a compensable injury or harm that falls within the enumerated exceptions to immunity) to an amount not to exceed $500,000 for any occurrence, series

of occurrences, or series of causes of action. i.e., **per incident**. 42 Pa.C.S. §8553.

20. The Complaint alleges claims for negligence against the City for the boating accident at issue, meaning that should an amount be recoverable against the City under those state law claims, the combined damages recoverable by all plaintiffs combined is limited to that capped sum.

21. Moreover, the Complaint alleges, the motor on the craft stopped working.

22. The Complaint alleges the motor had been serviced prior to use that day.

23. The Complaint suggests that the motor was owned by at least the decedent.

24. Significantly, claims for personal injury or wrongful death in Pennsylvania caused by the negligence of another who is not a governmental entity are not subject to any such $500,000 cap on damages.

25. Pennsylvania law recognizes the right to pursue claims for personal injuries or wrongful death under theories of recovery for products liability, negligent inspection, negligence in the maintenance of equipment, negligence in the operation of equipment and more.

26. Where both the deceased, Brook, and Rothell, the injured plaintiff, are involved in the same incident, there can be disputes over the allocation of fault. For example, if the injured plaintiff, Rothell, or any other party successfully argues that the deceased, Brook, was partially responsible for

the incident, this could undermine the estate's claims by introducing contributory negligence or comparative fault, potentially reducing the recovery for the estate.

27. The types of damages sought by Brook's estate and Rothell can differ significantly. The estate may seek damages for the Brooks pain and suffering prior to death, funeral expenses, and loss of consortium for beneficiaries, while Rothell seeks compensation for medical expenses, lost wages, and pain and suffering. These differing damages can lead to conflicts over the allocation of any settlement or judgment, especially if the available resources are limited and/or are all coming from a singular source of funds.

28. Further, the strategies employed in pursuing these claims may conflict. For instance, Rothell may wish to emphasize the severity of his own injuries and the City's negligence, while Brook's estate may focus on the suffering and losses experienced by Brook and his family. These differing strategies can lead to inconsistent positions and weaken the overall case.

29. Finally, the evidence and testimony needed to support each claim here may differ, leading to potential conflicts. For example, Rothell may need to testify about the incident in a way that conflicts with the narrative needed to support Brook's estate's claims, such as by highlighting Brook's actions and/or inactions that contributed to the incident.

30. Courts often consider professional rules, such as the Pennsylvania Rules of Professional Conduct, when evaluating conflicts. (Id.)

31. The ABA Model Rules of Professional Conduct address client conflicts of interest primarily in Rules 1.7 through 1.12, and 1.18.  Rule 1.7 Conflict of Interest addresses conflicts of interest between current clients.  Pennsylvania has adopted these rules with some modifications into the Pennsylvania Rules of Professional Conduct.

32. <u>204 Pa. Code Rule 1.7. Conflict of Interest: Current Clients.</u>, Rule 1.7, addresses concurrent conflicts of interest. A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client, or if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

33. Rule 1.8 (a) says "[a] lawyer shall not use client information to the client's disadvantage unless the client gives informed consent." <u>204 Pa. Code Rule 1.8. Conflict of Interest: Current Clients</u>.

34. Rule 1.8  further says that "[p]rohibitions in (a) through (i) that apply to one lawyer in a firm apply to all lawyers in the firm. <u>Id.</u>

35. Further, "because district courts are required to evaluate possible conflicts in the 'murkier pretrial context when relationships between parties are seen through a glass, darkly," the Supreme Court has held that district courts should have "'substantial latitude' to take protective steps 'not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." <u>United States v. Self</u>, 681 F.3d 190, 198 (3d Cir. 2012) (quoting <u>Wheat</u>, 486 U.S. at 162, 163).

36. A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client, or if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, a third person, or the lawyer's personal interest <u>Tapia v. City of Albuquerque</u>, 10 F. Supp. 3d 1207 (D.N.M. 2014); <u>Johnson v. Clark Gin Serv.</u>, No. 15-3290, 2016 U.S. Dist. LEXIS 166206 (E.D. La. Dec. 1, 2016)

37. Even without direct adversity, a conflict exists if there is a significant risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited. A material limitation conflict exists if there is a significant risk that the representation

of one or more clients will be materially limited by the lawyer's responsibilities to another client. <u>Johnson v. Clark Gin Serv.</u>, No. 15-3290, 2016 U.S. Dist. LEXIS 166206 (E.D. La. Dec. 1, 2016)

38. An actual conflict exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant represented by the same counsel. <u>Id.</u>

39. The Third Circuit has found that "the typical scenario where disqualification becomes necessary entails an attorney's attempt to represent multiple defendants in the same prosecution." <u>United States v. Stewart</u>, 185 F.3d 112, 121 (3d Cir. 1999).

40. Given the complex nature of this case, including multiple competing claims under the Fourteenth Amendment for a State Created Danger, and Monell Liability pursuant to 42 U.S.C. § 1983, as well as Negligence, Survival and Wrongful Death Claims under State Law, with multiple Plaintiffs who have potentially divergent interests including: the allocation of fault, differing damages, strategies to be employed, resources available for recovery, and the potential for conflicting evidence and/or testimony, render this matter prime for disqualification of a single attorney, even should the Plaintiffs seek to waive the conflict.

41. Should any Plaintiff wish to pursue any of the other potential defendants for the manufacture, repair, or operation of the boat, motor(s), life jacket(s), or any other issue contributing to or causing the alleged harms at issue, some Plaintiffs already have passed the time allowed by law to file such claims.

42. The City and any future Additional Defendant can file claims for contribution or make cross-claims against new Defendants in the chain of responsibility for the manufacture, repair, or operation of the boat, motor(s), life jacket(s), or any items at issue, including a direct claim that owner and/or operator off the boat at issue shared in the legal responsibility for harm to his passenger.

43. Plaintiffs' counsel cannot defend one (1) Plaintiff against the claim of another Plaintiff and, particularly, in a manner that would be a typical development in the course of a wrongful death or personal injury claim, by asserting either the decedent was not responsible to an injured passenger or, in contrast, an injured passenger has no claim against the decedent: An irreconcilable conflict for an attorney or law firm.

WHEREFORE, Defendant, the City of Harrisburg, Pennsylvania, respectfully requests this Honorable Court issue a Rule to Devon M. Jacob, Esquire to show cause why he should not be removed as counsel for Plaintiffs, and

after permitting time to respond in writing, schedule oral argument and a hearing, if necessary, on Defendant's request for relief.

                                                   Respectfully submitted,

                                                   **LAVERY LAW**

Date: June 9, 2025                            /s/ *Frank J. Lavery*
                                                   Frank J. Lavery, Esquire
                                                   Atty. ID #42370
                                                   Andrew W. Norfleet, Esquire
                                                   Atty. ID #83894
                                                   Jennifer L. Ruth, Esquire
                                                   Atty. ID #93960
                                                   225 Market Street, Suite 304
                                                   Harrisburg, PA 17101-2126
                                                   flavery@laverylaw.com
                                                   anorfleet@laverylaw.com
                                                   jruth@laverylaw.com
                                                   717-233-6633 (T)
                                                   717-233-7003 (F)

# CERTIFICATE OF SERVICE

I, Aimee Paukovits, an employee of Lavery Law, do hereby certify that on this 9th day of June, 2025, I served a true and correct copy of the foregoing Motion to Disqualify Plaintiffs' Counsel via the Court's ECF System as follows:

Devon M. Jacob, Esquire
Jacob Litigation, Inc.
P.O. Box 837
Mechanicsburg, PA 17055-0837
*Counsel for Plaintiffs*

                                                        */s/ Aimee L. Paukovits*
                                                        Aimee L. Paukovits,
                                                        Sr. Legal Assistant

This document has also been electronically filed and is available for viewing and downloading from the ECF system.